IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 25-cv-0223-SMY |
| vs. | ) ) |
| TYSHA MERRITT and WILLIE MOSLEY | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

The Prudential Insurance Company of America ("Prudential") filed this interpleader action against Defendants Tysha Merritt and Willie Mosley due to competing claims for life insurance benefits payable following the death of its insured, Damonta Mosely. On June 9, 2025, the Clerk of Court entered default against Defendant Willie Mosley (Doc. 11). Now before the Court is Prudential's motion for default judgment against Mosley and motion to deposit the disputed death benefit with the Court under Rule 67 (Doc. 12). For the following reasons, both motions are **GRANTED**.

## Background

Prudential makes the following allegations in the Complaint (Doc. 1): Damonta Moseley ("the Insured"), then employee of Amazon.com Services, Inc., was covered by Prudential via a group life insurance policy. Following the Insured's death on September 9, 2024, a total death benefit became due in the amount of $148,000. Prudential is responsible for administering claims under the policy.

The Policy provides, in relevant part:

> Any amount of insurance under a Coverage for which there is no Beneficiary at your death will be payable to the first of the following: Your (a) surviving Spouse or Domestic Partner; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

Defendant Tysha Merrit, the insured's mother, made a claim to the death benefit, and Prudential paid 50% of the total. Defendant Willie Mosley also made a claim to the remaining $74,000, claiming he is the father of the insured. Merrit disputes that Mosley is entitled to any portion of the remaining amount, contending he is not listed on the birth certificate of the insured.[1] Defendant Merrit answered the Complaint herein on March 13, 2025 (Doc. 8). Defendant Mosley has not filed an Answer or otherwise appeared in this action.

## Discussion

Under Federal Rules of Civil Procedure 55, the court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to Prudential as to each cause of action alleged in the complaint as long as Prudential's allegations are well-plead." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

Pursuant to Rule 67, "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). Once a court grants a Rule 67 motion,

---

[1] The insured's initial death certificate listed Mosley as the father of the insured (Doc. 1, p. 75), but was later revised to eliminate his identification (*Id.*, p. 76).

the funds "must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument." Fed. R. Civ. P. 67(b).

Here, Defendant Mosley submitted his waiver of service on March 20, 2025 (Doc. 7), but has not answered or otherwise defended this action (Docs. 9, 12-2). As such, default judgment against Defendant Mosley is warranted.

Additionally, Prudential seeks permission to deposit the disputed amount with the Court before exiting the case and to be dismissed from the action with prejudice. Because both defendants have been notified of this lawsuit and Prudential's request to deposit the disputed amount (Docs. 1, 7, 8), the Court will grant Prudential's request to deposit the disputed Amount until final disposition of the case. Moreover, Prudential properly brought an interpleader action to determine the recipient of the disputed amount, and resolution of the issue is not dependent upon Prudential's continued presence. As such, Prudential will be dismissed from the action.

## Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment (Doc. 12) is **GRANTED**. Judgment is hereby entered against Defendant Willie Mosely. The Court **ORDERS** that Plaintiff be discharged from all liability and that Defendants be restrained from initiating any action or proceeding against Plaintiff regarding the disputed amount. The Court **DIRECTS** Plaintiff to deposit the disputed amount with the Court. Defendant Tysha Merritt is **ORDERED** to submit evidence establishing her entitlement to the disputed amount under the insured's life insurance policy within 30 days from the entry of this order.

**IT IS SO ORDERED.**

**DATED: January 7, 2026**

STACI M. YANDLE
**Chief U.S. District Judge**